UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN SMALLWOOD,<br><br>    Plaintiff,<br><br>  v.<br><br>SASD DEVELOPMENT GROUP LLC, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01198-KES-CDB<br><br>**ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE**<br><br>(Doc. 40)<br><br><u>10-Day Deadline</u> |

  Currently before the Court is a discovery dispute that Plaintiff Shawn Smallwood ("Plaintiff") and Defendants SASD Development Group LLC ("SASD"), Thomas Carosella, and Lisa M. Carosella, James C. Lundy, and Tianna T. Lundy (collectively, "Defendants") have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. (Doc. 40).

**Relevant Background**

  On October 4, 2024, Plaintiff initiated this action with the filing of a complaint against Defendants SASD, Thomas Carosella, and Lisa M. Carosella. (Doc. 2). Pursuant to the Court's order on the parties' stipulated request, on January 24, 2025, Plaintiff filed the operative, first amended complaint ("FAC"). (Docs. 18, 20).

  By his FAC, Plaintiff seeks relief pursuant to Section 11(g)(1)(A) of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, based on Defendants' alleged "disking" (i.e.,

1  disturbing the ground surface of and removing vegetation upon) land they own in whole or in part
2  in Bakersfield that is occupied habitat of the San Joaquin kit fox (*Vulpes macrotis mutica*), a species
3  listed as endangered under the ESA, all in violation of the ESA and its implementing regulations.
4  (Doc. 15 at 1-2, 5-6). Plaintiff alleges that the Department of Veterans Affairs ("VA") has proposed
5  the construction and operation of a community-based outpatient clinic facility on Defendants' land
6  that is at issue in the suit. *Id.* at 11. Plaintiff seeks declaratory and injunctive relief prohibiting
7  Defendants from committing further violations of the ESA and ordering them to refrain from
8  disking or conducting other comparable vegetation management measures that will harass, and thus
9  impermissibly "take" under the ESA, San Joaquin Kit Fox on Defendants' property without first
10 obtaining an appropriate permit. *Id.* at 19-20.

11 In their answer to the FAC, Defendants assert the affirmative defense of unclean hands on
12 the grounds that Plaintiff "is acting at the direction of the current owners of the existing VA clinic,
13 Progress for Bakersfield Veterans, LLC, to delay the eventual construction of the new VA
14 Bakersfield Community Based Outpatient Clinic by Defendant SASD."  (Doc. 31 at 13).
15 Defendants assert that "Plaintiff is playing a key role in in this anti-competitive and racketeering
16 endeavor by engaging in frivolous litigation in an effort to increase legal fees and costs relating to
17 delays in construction for the new clinic." *Id.*

18 On September 18, 2025, following meet and confer efforts between the parties, counsel for
19 Defendants requested to convene for an informal discovery conference to resolve disputes
20 concerning certain of Plaintiff's responses to Defendants' requests for admission ("RFA") and
21 requests for production of documents ("RPD") and certain of Plaintiff's failures to respond to
22 questions presented during deposition (on instruction by counsel to not answer) addressing the same
23 or similar topics as those at issue in the disputed RFAs/RPDs. (Doc. 39). The parties thereafter
24 filed a joint letter brief addressing the discovery disputes. (Doc. 40). The Court convened via
25 Zoom for an informal discovery dispute videoconference on September 25, 2025. (Doc. 42).
26 Plaintiff appeared through attorney Michael R. Lozeau; Defendants appeared through attorney
27 Jayson Parsons. At the beginning of the conference, the parties agreed to resolution of the identified
28 discovery disputes outside the Local Rule 251 formal parameters and agreed to abide by an

anticipated order of the Court resolving the disputes to the exclusion of seeking relief through either a motion to compel or for protective order, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards.

**Governing Legal Standards**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

Relevant here, under Rule 36, a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)." A responding party may answer in one of three manners: (1) admit the request if the party has no reason to dispute its truthfulness and accuracy; (2) deny the request, in whole or in part, if it has a reasonable basis to dispute the requested matter; or (3) state that it cannot admit or deny the request and provide a "reasonable explanation[], in adequate detail, as to why it cannot respond." *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 195-96 (D. Nev. 2010).

Additionally, in response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008)

1  (quoting Fed. R. Civ. P. 34(a)).

2  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Id.* (quotation and citations omitted).

**Discussion**

As set forth below, Defendants challenge Plaintiff's failure and refusal to respond substantively to their written discovery demands and related deposition questions (on various privilege grounds) pertaining to Defendants belief that Plaintiff is being compensated or receiving financing for this lawsuit.

        **A.**     **Requests for Admission and Deposition Responses**

In RFA Nos. 4 through 7, Defendants direct Plaintiff to admit that he is being, has been, or will be compensated by various identified organizations and people associated with those organizations, including at least two purported owners of the current VA clinic, which, Defendants argue, stand to lose hundreds of thousands of dollars of monthly rent when the VA project planned for construction on Defendants' property becomes operational. (Doc. 24 at 6; Doc. 40-1 at 5-7). Defendants assert that they are entitled to know the identity of any third-party funders as a corollary to their "right to know the true identities of the parties who are suing them." (Doc. 40 at 3). Separately, Defendants assert the information is necessary to their assessing privilege claims Plaintiff has asserted in objecting to the discovery demands in dispute. *Id.* Finally, Defendants argue the information sought through these RFAs bears on the issue of witness credibility (presumably, Plaintiff's) and Defendants' ability to assess potential defenses and counterclaims. *Id.*

In response to the RFAs, Plaintiff neither admitted, nor denied, nor stated he could not admit or deny the requests with reasonable explanations, in adequate detail, as to why he could not respond. *See* Fed. R. Civ. P. 36. Instead, Plaintiff asserted objections on the grounds of "compound, conjunctive or disjunctive" phrasing, relevance, speculative, and "attorney-client privilege, attorney work product doctrine, and/or common interest privilege." (Doc. 40-1 at 5-7).

First, Plaintiff's objections to the supposed compound/conjunctive phrasing of the RFAs

and, without any elaboration or explanation, on the grounds that the RFAs are irrelevant and/or speculative are improper boilerplate objections and will be overruled. *See Villery v. Jones*, No. 1:15-cv-01360-DAD-HBK (PC), 2021 WL 2227363, at *3 (E.D. Cal. June 2, 2021) ("boilerplate objections to requests for admission are not sufficient"); *Pecover v. Electronic Arts, Inc.*, No. 08-cv-02820 CW (NC), 2012 WL 12921363, at *4 (N.D. Cal. May 23, 2012) ("Plaintiffs' objection that the requests are 'compound' is unpersuasive, because Rule 36 allows responding parties to 'qualify an answer or deny only a part of a matter' as long as the answer specifies the part admitted and qualifies or denies the rest … Indeed, Rule 36 requires responding parties to 'admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.'") (citing *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994)).

Second, although Plaintiff has separately objected to responding to these RFAs on grounds of attorney-client privilege, attorney work product doctrine, and/or common interest privilege, none of these privileges attaches to shield Plaintiff from confirming whether he is receiving compensation from identified third parties in connection with the litigation. That is because such an admission (or denial) would neither (1) necessarily implicate the subject of a privileged attorney-client communication, or (2) necessarily reveal the mental impressions or strategies of attorneys.[1] *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]"); *United States v. Gonzalez*, 669 F.3d 974, 978, 981 (9th Cir. 2012) (common interest doctrine protects communications among aligned parties and their attorneys); *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp.3d 1014, 1020, 1028 n.5 (D. Ariz. 2020) (mere fact of existence of litigation funding agreements not protected from disclosure by work product doctrine).

Accordingly, Plaintiff will be directed to serve amended responses to RFA Nos. 4 through

---

[1] Although Rule 26(b)(3) applies only to documents and tangible things, some courts have noted that the work product doctrine established by the Supreme Court in *Hickman v. Taylor* (329 U.S. 495 (1947)) may extend under certain circumstances to "intangible" expressions. *See Continental Circuits LLC.*, 435 F. Supp.3d at 1023-24 (citing cases). Even if such prelitigation privilege attaches to intangible work product in general, Plaintiff does not develop any argument that the privilege would shield him from responding to RFA Nos. 4 through 7. *See id.* at 1024 (holding that work product privilege does not attach to identity of third-party funders because the mere identities do not reveal attorney mental impressions).

5

7 without reliance on any of the asserted, overruled objections.

Defendants also challenge counsel for Plaintiff's instruction to Plaintiff to not answer questions put to him during deposition concerning his knowledge of his and other third parties' execution of litigation agreements involved in this case. *See* (Doc. 40-4). During deposition, counsel for Plaintiff represented that a "common interest agreement" existed but would not identify the parties to such agreement, notwithstanding that Plaintiff objected to responding both to RFA Nos. 4 through 7 and the challenged RPDs (*see infra*) on the grounds of common interest privilege. *See id.* Tr. 183-86.

As set forth above, the fact of the existence of such litigation agreements is not protected by the privileges Plaintiff identifies. Given that Plaintiff has refused to answer discovery demands and deposition questions concerning the existence of third-party funders and common interest agreements, Plaintiff will be directed to serve upon Defendants a verified response identifying any common or joint interest agreement relevant to this action and the parties thereto.[2]

**B.     Request for Production of Documents**

In RPD Nos. 15, 16, 19, 21, 22, and 23, Defendants seek production of communications between Plaintiff and suspected third-party funders and an identified law firm and records reflecting any payments between Plaintiff and these third parties. In response, Plaintiff objected on grounds of relevance, undue burden and overbreadth, and asserted the same privilege objections as those he advanced in response to RFA Nos. 4 through 7, and further, represented that he was withholding production of responsive documents on those grounds, among others. *See* (Doc. 40-2).

Plaintiff's objections on grounds of relevance, undue burden and overbreadth are well taken and will be sustained. Defendants neither limited by time the scope of documents sought nor restricted by topic the nature of documents called for by the requests. Moreover, to the extent Plaintiff properly may withhold from production any documents responsive to these RPDs on

---

[2] During the informal discovery dispute conference, the undersigned observed it may become necessary to direct Plaintiff to lodge with the Court any relevant common/joint interest agreement for its *ex parte* and *in camera* inspection. However, because Defendants do not presently ask the Court to determine the propriety of Plaintiff's withholding of documents from production due to any existence of a common/joint interest agreement, the Court will not direct Plaintiff to lodge any such agreements. *Cf. Primex Farms, LLC v. Schuco USA LLP*, No. 1:24-cv-00880-CDB, 2025 WL 401184, at *2 (E.D. Cal. Jan. 8, 2025).

6

1    grounds of privilege, Defendants largely conceded during the discovery dispute conference that,
2    for present purposes, they could not identify a "substantial need" for such documents as required
3    under Rule 26(b)(3).

4    However, there is "no bright-line prohibition" on discovery of litigation funding-related
5    information. *E.g., V5 Techs. V. Switch, Ltd*., 334 F.R.D. 306, 312-13 (D. Nev. 2019). Here,
6    Plaintiff has represented in response to Defendants' discovery requests that he is withholding from
7    production on grounds of privilege responsive information. Given his discovery responses,
8    Plaintiff is required to provide Defendants certain information sufficient to enable them to
9    reasonably assess Plaintiff's privilege claim(s). *See* Fed. R. Civ. P. 26(b)(5)(A).

10   One method by which Plaintiff may satisfy Rule 26(b)(5) is to serve a privilege log. *See In*
11   *re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). The Advisory Committee
12   Note to what is now Rule 26(b)(5)(A) does not specify the specific information that must be
13   provided in a privilege log. Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993) ("The
14   rule does not attempt to define for each case what information must be provided when a party
15   asserts a claim of privilege or work product protection."). Nevertheless, in order to permit a
16   receiving party (and the Court) to assess a producing party's privilege claim, a log typically must
17   identify: the document's general nature and description; author's identity; date written,
18   name/addressee of any recipient; and the document's location. *See Martinez v. City of Fresno*, No.
19   CV F 06-0233 OWW LJO, 2006 WL 3762050, at *6 (E.D. Cal. Dec. 20, 2006) (citing *United States*
20   *v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir.), cert. denied, 519 U.S. 927
21   (1996)). Accord "What Constitutes an 'Adequate Privilege Log' under Rule 26(b)(5)," 51 A.L.R.
22   Fed. 3d Art. 2 (2020) (citing Haydock and Herr, Discovery Practice (Aspen Publishers 2009) &
23   *Sky Angel U.S., LLC v. Discovery Comms.*, LLC, 28 F. Supp. 3d 465 (D. Md. 2014), aff'd on other
24   grounds, 885 F.3d 271 (4th Cir. 2018)).

25   Absent agreement by the parties, "[p]rivilege logs are due at the time a discovery response
26   is made." *Sanchez v. Cnty. of Sacramento Sheriff's Dep't*., No. 2:19-cv-01545 MCE AC, 2020 WL
27   3542328, at *2 (E.D. Cal. June 20, 2020) (citing Fed. R. Civ. P. 26(b)(5) & 34(b)).

28   Accordingly, the Court will direct Plaintiff to serve a privilege log.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, within ten (10) days of entry of this order, Plaintiff shall serve upon Defendants:

1. Amended responses to RFA Nos. 4 through 7, consistent with this order;
2. A verified response identifying any common or joint interest agreement relevant to this action and the parties thereto, consistent with this order; and
3. A privilege log compliant with Fed. R. Civ. P. 26(a)(5)(A), consistent with this order.

IT IS SO ORDERED.

Dated:   **September 30, 2025**                                    _____
                                                                                           UNITED STATES MAGISTRATE JUDGE